IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTEN SCHEBLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0189-M |
| | § | |
| BLAKENEY CONGER DAVENPORT | § | |
| and BROOKE BYRAM DAVENPORT, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Brooke Byram Davenport's Motion to Transfer Venue, filed on April 5, 2007. The Motion is **DENIED** for the reasons stated below.

### **BACKGROUND**

On November 27, 2006, Plaintiff Kristen Scheble filed this lawsuit against her ex-husband, Blakeney Davenport ("Blake"), and his wife, Brooke Davenport, alleging that Blake had fraudulently transferred certain pieces of artwork and furniture to Brooke.[1] Prior to the initiation of this action, Scheble obtained a judgment against Blake in the sum of $1,039,517.69, plus interest, in the 134th Judicial District Court of Dallas County, Texas. Blake appealed this judgment, and the Court of Appeals for the Fifth District reduced the principal judgment amount to $689,917.69. This sum remains to be paid, and the judgment is currently pending on appeal. Scheble alleges that Blake fraudulently transferred the property in dispute in anticipation of and

---

[1] Although Blake and Brooke Davenport are co-defendants in this matter, Blake has not yet been served with Plaintiff's petition.

1

in order to prevent collection on the prior judgment.

Scheble filed suit in the 160th Judicial District Court of Dallas County, Texas, and Brooke removed the action to this Court, with federal jurisdiction founded solely on the diversity of the parties. Because Defendant resides in California, she alleges that venue in the Northern District of Texas is inconvenient. Accordingly, Defendant moves the Court to transfer the case to California.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may, in its discretion, transfer an action for the convenience of the parties and in the interest of justice. Section 1404(a) provides in full: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration." *Motosky v. Manning*, No. SA-07-CV-051-WRF, 2007 WL 1512027, at *2 (W.D. Tex. 2007) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). A district court is afforded broad discretion in deciding whether to order a transfer. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (holding that the decision to transfer is addressed to the discretion of the trial court and will not be reversed absent an abuse of discretion); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987) ("[t]he district court has broad discretion in deciding whether to order a transfer"). Furthermore, when a motion is brought challenging the plaintiff's chosen forum, the defendant has the burden of demonstrating why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

The Fifth Circuit has established a two-step analysis to determine if this burden has been met. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). First, a district court must consider whether the judicial district to which transfer is sought qualifies as a district in which the action "might have been brought." *Volkswagen*, 371 F.3d at 203; *Horseshoe*, 337 F.3d at 433. Once this threshold is established, a court may consider whether "the convenience of the parties and witnesses" and "the interest of justice" justify a transfer of venue. *Volkswagen*, 371 F.3d at 203. "The federal law contains no . . . express criteria to guide the district court in exercising its [discretionary] power." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). Therefore, in determining whether transfer is warranted, courts consider a number of private and public factors, none of which are given dispositive weight. *Gilbert*, 330 U.S. at 508; *Volkswagen*, 371 F.3d at 203. The private factors considered include: the plaintiff's choice of forum; the convenience of parties and witnesses; the cost of attendance of witnesses and other trial expenses; the location of sources of proof; the place of the alleged wrong; the availability of compulsory process; and the possibility of delay and prejudice if the transfer is granted. *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 789 (W.D. Tex. 2005) (citing *Volkswagen*, 371 F.3d at 203). The public factors include: administrative difficulties related to court congestion; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary conflict of law problems. *Id.*

## ANALYSIS

### A. Is Venue Proper in the Transferee District?

A district court may only transfer an action to a district in which it "might have been

brought." 28 U.S.C. § 1404(a). This limits transfers to districts in which venue would be proper under 28 U.S.C. § 1391. According to § 1391, when jurisdiction is founded on diversity, venue is only proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Federal jurisdiction in the present action was based solely on the diversity of the parties. Therefore, venue is proper both in the Northern District of Texas, where all of the events giving rise to the claim occurred, and in the Central District of California, where all of the property that is the subject of the action is situated and where Defendants reside. *See id.* However, the fact that venue may be proper in California is not determinative of whether transfer should be granted.

### B. Analysis of Private and Public Factors

#### 1. Public Factors

##### a. The Plaintiff's Choice of Forum

Generally, a "[p]laintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed." *Time*, 366 F.2d at 698. Therefore, "[a] plaintiff's choice of a proper forum is a paramount consideration . . . and that choice should not be lightly disturbed." *Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401 (N.D. Tex. 1984) (Sanders, J.). In addition, more deference to the plaintiff's selection is due when the forum selected has a legally relevant

4

factual nexus to the plaintiff and the claims in the case. *See Spiegelberg*, 402 F. Supp. 2d at 790. However, a plaintiff's choice is neither conclusive nor determinative, and a district court must consider numerous factors in making a transfer determination. *Horseshoe*, 337 F.3d at 434 (noting plaintiff's choice is not determinative); *see, e.g.*, *Gilbert*, 330 U.S. at 508 (establishing the factors a district court must consider in a transfer analysis).

As noted above, Plaintiff's selection of this forum was proper. *See* 28 U.S.C. § 1391(a)(2). Plaintiff resides in this District, and all of the events that led to the present action, including issuance of a judgment, took place in this District. Therefore, a legally relevant factual nexus exists between Plaintiff and her claim on the one hand, and the claim and the forum on the other. Furthermore, there is no indication that Plaintiff's selection of this District was motivated by a desire to harass or inconvenience her adversary. *Cf. Gilbert*, 330 U.S. at 507 ("a plaintiff is sometimes under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself"). Plaintiff's selection of the Northern District of Texas is both appropriate under the relevant legal standard and logical given the nature of the claim. Accordingly, Plaintiff's decision to litigate in this District, while not determinative, should be afforded significant deference.

*b. The Convenience of Parties and Witnesses*

Defendant's primary argument for transfer to California is that litigation in the Northern District of Texas would be inconvenient and unduly burdensome to her and that transfer is therefore warranted. However, as the Supreme Court explained it, "[t]here is nothing . . . in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue."

5

*Van Dusen*, 376 U.S. at 633–34.  Therefore, the fact that a plaintiff's chosen forum is inconvenient for the defendant is generally not sufficient to warrant a change of venue.  *See id.*

In the present case, Defendant predicts that she is likely to be a key witness and litigation in the Northern District of Texas would require frequent travel to Dallas.  Defendant also argues that her high-risk pregnancy and responsibilities with respect to the care of the Defendants' young child make litigation in this District unduly burdensome to her.  However, as Plaintiff suggests, Brooke's deposition may be taken in California, rather than Dallas.  In addition, as Plaintiff predicts, trial will not be set prior to the time when Brooke gives birth, and if Brooke's presence at the trial is necessary, the proceeding is only projected to last two days.  Therefore, Defendant's concerns with respect to her pregnancy do not outweigh the deference due to Plaintiff's selection of forum.

Litigation is usually inconvenient for the parties involved.  The fact that Defendant's time and energy will be consumed by matters related to this litigation is a usual consequence of suit.  Transfer of venue from Texas to California will not eliminate the inconvenience caused to the parties, but would merely shift the burden and expense of travel from Defendant to Plaintiff.  *See AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006) ("to the extent transfer would only serve to shift the burden of location . . . transfer is not appropriate"); *see also Eastman Med. Prod. Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 596 (N.D. Tex. 2002) (Lynn, J.) ("the Court may not transfer venue where the result will be merely to shift the burden of the trial from one party to the other").

The relative convenience to the witnesses, however, is "often recognized as the most important factor" in a 1404(a) analysis.  *Spiegelberg*, 402 F. Supp. 2d at 790.  Although the

convenience of party witnesses is given some weight, "it is the convenience of *non-party witnesses . . .* that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Id.* at 790–91 (emphasis added). A defendant must "prove *with particularity*" the reasons he is inconvenienced, and with respect to witnesses, "[t]he party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Young*, 601 F. Supp. at 401 (emphasis original); *see also Eastman*, 199 F. Supp. 2d at 595 (movant must identify key witnesses and the general content of their testimony to show why transfer is necessary). Defendant has failed to meet this burden. Although Defendant avers that she is "unaware of any witnesses with respect to Plaintiff's claim that reside in Texas," she has failed to identify any non-party witnesses who are inconvenienced by litigation in the Northern District of Texas. *Cf. F.T.C. v. Multinet Mktg., LLC*, 959 F. Supp. 394, 396 (N.D. Tex. 1997) (Sanders, J.) ("[d]efendants' vague offering is insufficient to overcome the preference for plaintiffs' choice of forum"). Plaintiff, on the other hand, notes that Blake Davenport's brother and father both reside in Texas and will likely be called to testify. In addition, Plaintiff suggests that it is highly likely that the advisors and estate planners Defendants consulted prior to transferring the property in question reside in Texas. The Court agrees. Because Plaintiff's claim arises out of events that occurred in the Northern District of Texas, it is likely that the non-party witnesses reside in and around this District. Therefore, Defendant has failed to prove that inconvenience to non-party witnesses outweighs Plaintiff's choice of forum.

*c. Cost of Attendance of Witnesses and Other Trial Expenses*

Defendant has not attempted to prove that the cost of attendance of witnesses militates in favor of transfer. Because it is likely that all non-party witnesses reside in and around the

Northern District of Texas, there is likely to be little cost incurred by or for witnesses.

Defendant avers, however, that the location of counsel would increase the cost of litigation in this matter. Typically, the location of counsel is a consideration entitled to little weight. *Eastman*, 199 F. Supp. 2d at 596. In fact, the Fifth Circuit has held that the location of counsel is irrelevant and improper to the determination of transfer of venue. *Horseshoe*, 337 F.3d at 434. While the location of counsel out of the forum may increase expense related to the litigation, "trial anywhere is accompanied by expense." *Pitre v. Chevron U.S.A., Inc.*, No. G-06-CV-412, 2007 WL 1052595, at *2 (S.D. Tex. 2007). Accordingly, this Court does not consider the costs associated with the location of Defendant's current counsel as a factor that weighs in favor of transfer.

### d. The Availability of Compulsory Process

There is no indication by either of the parties that compulsory process cannot secure the presence of necessary witnesses if the case is or is not transferred. Therefore, this factor is neutral in the transfer analysis.

### e. The Relative Ease of Access to Evidence

Defendant argues that the location of evidence relevant to the case is a primary concern that weighs in favor of transfer. Although the property that is at the center of the fraudulent transfer claim and at least some of the records and documentation related to that property are located in California, this fact does not outweigh Plaintiff's choice of forum. The relevant documents can be copied and mailed, or scanned and emailed, for review by this Court. *See AdvanceMe*, 450 F. Supp. 2d at 675 ("typically, documents and other records are easily transportable in paper or electronic form"). Furthermore, Defendant has failed to show what

8

documents exist in California that will be relevant to the litigation.

With respect to the artwork and furniture transferred, Defendant contends that a California court would be better able to manage examinations or inspections of such property. In Texas, a fraudulent transfer claim requires a showing of "actual intent to hinder, delay, or defraud any creditor of the debtor." TEX. BUS. & COM. CODE ANN. § 24.005(a)(1). Therefore, the focus of such a claim is the intent of the parties, not the property transferred. Because inspection of the artwork and furniture is unlikely to be central to the claim, the fact that the property is located in California is insufficient to overcome Plaintiff's choice of forum. *Cf. Pitre*, 2007 WL 1052595, at *2 (holding that the accessibility of records and evidence is not a deciding factor in a personal injury claim). Moreover, whatever inspection of the property is necessary can be performed in California either when Brooke Davenport is deposed or at another convenient time.

*f. Place of the Alleged Wrong*

As noted above, all of the events surrounding this litigation occurred within the Northern District of Texas. This indicates the existence of a legally relevant factual relationship between the forum and the claim, and weighs against transfer.

*g. Possibility of Delay and Prejudice*

As Defendant asserts, there is no indication that transfer would lead to any delay of trial. In the absence of a showing of substantial delay, this factor does not weigh for or against transfer. *See, e.g.*, *Sanchez v. Rawlings*, No. G-06-CV-718, 2007 WL 1040469, *2 (S.D. Tex. 2007) (possibility of delay does not weigh for or against transfer when transfer would only lead to insubstantial delay).

2.  Public Factors

*a. Court Congestion*

Defendant has made no argument to suggest that court congestion in the Northern District of Texas makes transfer to California appropriate.

*b.  Familiarity of Forum with Governing Law*

Plaintiff's fraudulent transfer claim is governed by Texas law.  As noted above, Plaintiff filed suit and obtained a judgment in Texas state court, and Defendant removed to this Court on the basis of diversity.  Defendant does not contest that Texas law governs Plaintiff's claim.  It follows, therefore, that a federal district court located in Texas would be more familiar with Texas law, and therefore better equipped to handle the claim, than a federal court in California. *See, e.g.*, *Gilbert*, 330 U.S. at 511–12 (noting "the task of the trial court would be simplified . . . [if] the court would apply the law of its own state in which it is likely to be experienced").  This factor weighs against transfer.

*c.  Local Interest in Having Local Matters Decided at Home*

Moreover, the "local interest in having localized interests decided at home," weighs heavily in favor of denying the motion to transfer.  *See Volkswagen*, 371 F.3d at 206 (quoting *Piper Aircraft Co. v. Reno*, 454 U.S. 235, 241 n.6 (1981)).  Not only did all of the events that gave rise to this litigation occur in the Northern District of Texas, but Plaintiff also resides in this District.  Therefore, a factual connection exists between the events in this case and this District. *Cf. Volkswagen*, 371 F.3d at 206 (residents of a district that have no factual connection with the events of a case do not have a localized interest in adjudicating the proceeding).

## CONCLUSION

Defendant's Motion to Transfer Venue is **DENIED**.  Although venue in the transferee district would be proper, the balance of factors weighs against transfer.

**SO ORDERED.**

June 29, 2007.

_____
**BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**